OPINION. Withey, Judge: Petitioner contends that it is entitled to excess profits tax relief under section 722 (b) (2) and (b) (4) of the 1939 Code.[3] Petitioner takes the position that its business was depressed in the base period because of the depression of the liquor industry by reason of a price war in that industry in New York State during the base period years which it claims was a temporary economic event unusual in the case of the industry. However, petitioner offered no specific evidence in support of its position with reference to the alleged price war. The evidence is sufficient to demonstrate no more than keen competition during the base period years, a fact which we have held must be considered normal in the liquor industry. Harlan Bourbon & Wine Co., 14 T. C. 97. Petitioner therefore has failed to establish that it qualifies for relief under section 722 (b) (2). Permold Co., 21 T. C. 759. Petitioner contends that it is entitled to relief under section 722 (b) (4) either because of a change in the character of its business during the base period resulting from the shift in its sales from domestic brands of liquor to imported brands or because it commenced business during the base period and did not reach by the end of the base period the level of earnings it would have reached had it begun business 2 years earlier. Eespondent has taken the position that the changeover from the sale of domestic items to imported items constitutes simply the replacement of or additions to the lines of products previouslyhandled and that the importing of foreign brands represents part of the business commenced. Eespondent further contends that the addition of imported lines was not productive of a higher level of earnings. Although petitioner has demonstrated to our satisfaction that it commenced business during the base period within the meaning of section 722 (b) (4) of the 1989 Code, and that it is entitled to the application of the 2-year push-back rule, after taking into account its record throughout the base period, particularly the costs of imported liquor, the expenses of operation and the net losses experienced in two of the base period years, we are unable to arrive at a constructive average base period net income figure in excess of petitioner’s invested capital credits for the years in issue. Petitioner’s excess profits credits based on invested capital, computed pursuant to the provisions of section 714 of the 1939 Code, amount to $19,545.01 for the fiscal year ended November 30, 1943, and $25,025.34 for the fiscal year ended November 30,1944. It is our best judgment that the most favorable constructive average base period net income allowable on the evidence would not exceed the credits allowed by the respondent based on invested capital. It is well settled that a taxpayer which has used excess profits credits based on invested capital in computing its excess profits taxes is not entitled to relief under section 722 where its excess profits credits based on a constructive average base period net income do not exceed its credits computed under the invested capital method. Sartor Jewelry Co., 22 T. C. 773; Triangle Raincoat Co., 19 T. C. 548; Godfrey Food Co., 18 T. C. 1083. We conclude, therefore, that there was no error in respondent’s action in disallowing petitioner’s claim for relief under section 722. Eeviewed by the Special Division. Decision will be entered for the respondent. SEC. 722. GENERAL RELIEF — CONSTRUCTIVE AVERAGE BASE PERIOD NET INCOME. (b) Taxpayers Using Average Earnings Method. — * * * (2) the business of the taxpayer was depressed In the base period because of temporary economic circumstances unusual in the case of such taxpayer or because of the fact that an industry of which such taxpayer was a member was depressed by reason of temporary economic events unusual in the case of such industry, ******* (4) the taxpayer, either during or Immediately prior to the base period, commenced business or changed the character of the business and the average base period net income does not reflect the normal operation for the entire base period of the business. If the business of the taxpayer did not reach, by the end of the base period, the earning level which it would have reached if the taxpayer had commenced business or made the change in the character of the business two years before it did so, it shall be deemed to have commenced the business or made the change at such earlier time. For the purposes of this subparagraph, the term “change in the character of the business” includes a change in the operation or management of the business, a difference in the products or services furnished, a difference in the capacity for production or operation, a difference in the ratio of nonborrowed capital to total capital, and the acquisition before January 1, 1940, of all or part of the assets of a competitor, with the result that the competition of such competitor was eliminated or diminished. Any change in the capacity for production or operation of the business consummated during any taxable year ending after December 31, 1939, as a result of a course of action to which the taxpayer was committed prior to January 1, 1940, or any acquisition before May 31, 1941, from a competitor engaged in the dissemination of information through the public press, of substantially all the assets of such competitor employed in such business with the result that competition between the taxpayer and the competitor existing before January 1, 1940, was eliminated, shall be deemed to be a change on December 31, 1939, in the character of the business * * *